IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CHRISTOPHER WISE,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION |
| (1) CSAA INSURANCE GROUP, INC.,<br>A Foreign Insurance Corporation,<br>(2) HAGERTY INSURANCE AGENCY, LLC,<br>A Foreign Limited Liability Company,<br>(3) ESSENTIA INSURANCE COMPANY,<br>A Foreign Insurance Corporation,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 16-CV-100-CVE-PJC |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Essentia Insurance Company ("Essentia"), hereby removes the above-captioned lawsuit pending in the District Court in and for Tulsa County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as documents filed or served in the state court action are attached hereto as Exhibits 1 - 6.  Removal of this case to federal court is based on the following:

## I.
## FACTUAL BACKGROUND

1.       On March 17, 2013, Christopher Wise ("Plaintiff") was involved in a motorcycle accident in Tulsa, Oklahoma. *See* Petition, ¶ 8, Exhibit 2. Plaintiff asserts the accident was caused by the driver of another vehicle who improperly entered Plaintiff's lane of traffic, which forced Plaintiff to maneuver his motorcycle to avoid collision and thereafter lose control of his motorcycle. *See* Petition, ¶ 9, Exhibit 2.   Plaintiff claims he suffered severe personal injury as a result of the incident. *Id*.

2.      On February 18, 2013, Plaintiff asserts he contracted with Defendant CSAA Insurance Group, Inc. d/b/a AAA Insurance ("AAA") for "vehicle insurance for a six (6) month term under policy number OKS-002841670." *See* Petition, ¶ 6, Exhibit 2.   Plaintiff asserts the policy includes medical payments coverage up to $10,000 for each person, and uninsured/underinsured ("UM") motorist coverage up to $50,000 per person and $100,000 per accident. *Id*.

3.      On March 19, 2012, Plaintiff asserts he contracted with Defendant Hagerty Insurance Agency, LLC ("Hagerty") "for vehicle insurance for a twelve (12) month term, to begin on April 18, 2012, under policy number 5N18551." *See* Petition, ¶ 7, Exhibit 2.   Plaintiff asserts the policy includes medical payments coverage up to $5,000 for each person, and UM motorist coverage up to $50,000 per person and $100,000 per accident. *Id*.   Plaintiff further asserts that Essentia is the "company responsible for underwriting the insurance contract issued by Defendant Hagerty." *Id*.

4.      Plaintiff filed his First Amended Petition against Defendants on January 25, 2016.

5.      Plaintiff improperly served Hagerty via the Oklahoma Insurance Commissioner on February 1, 2016, which Hagerty received on February 4, 2016.  *See* Letter from Insurance Commissioner to Hagerty, dated February 1, 2016. Exhibit 7.  Hagerty is not a foreign insurance company and therefore service on the Insurance Commission is improper.  Removal does not waive its sufficiency of process defense or any other affirmative defense. *See Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M 2005) (citing *Phillips v. Mfrs Trust Co*., 101 F.2d 723, 727 (9 Cir. 1939) (holding that the "validity of the service [is] ... not waived by removal"); *Ditkof v. Owens – Ill., Inc*., 114 F.R.D., 105 (E.D. Mich. 1987) ("Removal does not waive any defense.")

6.      Essentia has not been served with Plaintiff's lawsuit, but was provided with notice of the lawsuit by Hagerty on February 4, 2016, after Hagerty was served.

7.      Essentia understands that AAA has been served with summons in this case.

8.      Essentia, therefore, removes this case to federal court with the consent from AAA and Hagerty.  *See* Notices of Consent, Exhibit 8.

## II.
## DIVERSITY OF CITIZENSHIP

9.      "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute."  *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction.

10.     Plaintiff's Petition does not set forth a basis for federal question jurisdiction.  Specifically, there are no allegations that the Constitution or any federal statute has been violated.  *See* Petition, Exhibit 2.

11.     Instead, the basis for removal is the complete diversity between the parties.  Specifically, this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

12.     Plaintiff is a citizen of the State of Oklahoma.  *See* Petition, ¶1, Exhibit 2.

13.      AAA is incorporated in the state of Indiana, with its principal place of business in the state of California.  A corporation is a citizen of the state in which it maintains its principal place of business. *Hertz Corp v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010).  As such, AAA is a citizen of the State of California for purposes of determining this Court's subject matter jurisdiction.  *See* 28. U.S.C. § 1332(c).

14.     Hagerty is a Michigan limited liability company of which all the members are citizens of Michigan.  For purposes of determining whether diversity jurisdiction exists, a limited liability company is a citizen of all states in which its members are citizens. *Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund,* No. 12-CV-252-GKF-FHM, 2012 WL 2887513, at *4 (N.D. Okla. July 13, 2012); *Brooks v. Boise Cascade, LLC*, No. 08-CV-200, 2008 WL 2673357, at *2 (N.D. Okla. June 26, 2008). Therefore, Hagerty is a citizen of the State of Michigan for purposes of determining this Court's subject matter jurisdiction.

15.     Essentia is a Florida corporation with its principal place of business in Illinois. As such, Essentia is a citizen of the State of Illinois for purposes of determining this Court's subject matter jurisdiction.  *See* 28. U.S.C. § 1332(c).

16.     Complete diversity of citizenship existed between Plaintiff and Defendants at the time Plaintiff's state court action was filed, and complete diversity of citizenship exists at the time of this removal.

### III.
### AMOUNT IN CONTROVERSY

17.     As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

18.     Plaintiff alleges he sustained severe personal injury as a result of the motorcycle accident. In addition to Plaintiff's claim of $16,000 in medical bills, Plaintiff seeks recovery against all Defendants for breach of certain insurance contracts and for bad faith.

19.     Specifically, Plaintiff's Petition seeks "actual damages in excess of Ten Thousand Dollars ($10,000)" and "punitive damages in excess of Ten Thousand Dollars ($10,000)," as well as a request for attorney fees, interest, and costs taxable by law. *See* Petition, Exhibit 2.

20.     Plaintiff's Petition fails to conform to the Oklahoma pleading requirements set forth in 12 O.S. § 2008. Plaintiff fails to specify if he seeks recovery against Defendants in excess of the amount required for diversity jurisdiction or, if he seeks less than such amount, Plaintiff fails to plead for specific damages. *See* 12 O.S. § 2008(A)(2). Nevertheless, Plaintiff is clearly seeking in excess of $75,000 because he demands recovery of insurance proceeds under two policies with limits of $50,000 per policy, seeks recovery for "mental and emotional distress, anxiety, embarrassment, and financial hardship associated with the loss of income and failure to pay insurance proceeds," *and* punitive damages for a laundry list of various intentional and alleged wrongful conduct of Defendants.

21.     This district has recently considered a similar petition in which the plaintiff asked for "actual damages exceeding $10,000" and punitive damages, and determined such demand exceeded the amount required for federal jurisdiction. *See Singleton v. Progressive Direct Ins. Co.,* 49 F. Supp. 3d 988  (N.D. Okla. 2014).  The court states:

> Where Singleton asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold. This would require no more than a single-digit ratio of punitive damages to actual damages, even after Progressive deflated the denominator with a $100,000 payment just prior to the initiation of this action. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," though even greater ratios may still comport with due process where "a particularly egregious act has resulted in only a small amount of economic damages").

*Id.* at 994.

22.     The court also considered the plaintiff's allegations that the insurer "failed to properly investigate her claims, delayed payments or withheld them altogether," which claims are similar to those asserted by Plaintiff against Defendants in this case, to supply the required

underlying  facts to support the removal because the value of the plaintiff's claim surpassed the jurisdictional threshold. *Id.*

## IV.
## <u>REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE</u>

23.      Pursuant to 28 U.S.C. 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, Essentia first received notice of Plaintiff's First Amended Petition on February 4, 2016, when it was provided by Hagerty to Essentia. Thirty days have not elapsed since that time. Indeed, thirty days have not elapsed since Plaintiff filed the First Amended Petition on January 25, 2016, which includes Essentia as a defendant for the first time.

24.      The federal rules allow a later-served defendant to remove the action, even though an earlier-served defendant did not previously initiate or consent to removal, so long as the later-served defendant obtains their approval.  28 USC § 1446(b)(2)(C).  Both Hagerty and AAA consent to Essentia's timely removal. *See* Exhibit 8.

25.      Finally, this Notice of Removal is properly filed with the Northern District.  The pertinent language of 28 USC § 1446(a) provides that a defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending."  28 USC § 1446(a).  This action is currently pending in the District Court of Tulsa County, State of Oklahoma.  The Northern District of Oklahoma includes the County of Tulsa.  *See* 28 USC § 116(a).  Therefore, removal to this Court is proper.

## V.
## <u>CONCLUSION</u>

Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein

by reference, Defendant Essentia Insurance Company hereby removes this case to this Court and requests that this Court exercise jurisdiction over all further proceedings in this action.

Respectfully submitted,

/s/Molly E. Raynor
Molly E. Raynor, OBA #30223
mraynor@thompsoncoe.com
Ellen Van Meir, *admission pending*
TX State Bar No. 00794164
evanmeir@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
(214) 871-8200
(214) 871-8209 – FAX

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, the foregoing document was served via certified mail, return receipt requested, on plaintiff's counsel of record Thomas A. Mortensen, MORTENSEN & ASSOCIATES, LLC, 1331 S. Denver Avenue, Tulsa, Oklahoma, 74119, and William A. Fiasco, James N. Edmonds, ATKINSON HASKINS, 525 South main, Tulsa, Oklahoma 74103.

/s/Molly E. Raynor
Molly E. Raynor