UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER WISE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-0100-CVE-PJC |
| CSAA GENERAL INSURANCE COMPANY, a foreign insurance corporation, HAGERTY INSURANCE AGENCY, LLC, a foreign limited liability company, ESSENTIA INSURANCE COMPANY, a foreign insurance corporation, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Hagerty Insurance Agency, LLC's Motion to Dismiss (Dkt. # 18). Defendant Hagerty asks the Court to dismiss plaintiff's claims for breach of contract and bad faith, arguing that it is not a party to the insurance contract at issue and plaintiff has therefore failed to state a claim. Id. at 3. Plaintiff did not file a response to defendant's motion.

**I.**

Plaintiff filed this action in Tulsa County District Court after he was involved in a motorcycle accident on the same day he purchased the motorcycle. Dkt. # 2-2, at 2. Plaintiff incurred roughly $16,000 in medical expenses for injuries he sustained in the accident. Id. at 3. At the time of the accident, plaintiff had not yet secured insurance for the motorcycle, but plaintiff had two insurance policies that included uninsured or underinsured motorist insurance coverage. Id. at 2-3. Plaintiff asserts that defendant CSAA issued one policy and defendant Hagerty issued the other, with defendant Essentia underwriting this second policy. Id. at 2. Plaintiff's amended

complaint asserts two causes of action related to each insurance policy: breach of contract for failure to tender payment for uninsured or underinsured motorist benefits and bad faith for defendants' refusal to pay plaintiff the value of each contract. Id. at 10-11.

Defendant Essentia subsequently removed the action to this Court on the basis of diversity jurisdiction. Dkt. # 2. Defendant Hagerty now asks the Court to dismiss plaintiff's claims against it for failure to state a claim. Dkt. # 18. Hagerty asserts that it is not an insurance company, it did not write or issue plaintiff any insurance policy, and that it cannot be held liable for breach of contract or bad faith as a non-party to either insurance contract. Id.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton

Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Generally, when materials are attached to a motion to dismiss, courts will convert the motion into a motion for summary judgment. However, where the extrinsic material attached to the motion is integral to plaintiff's claim, there is an exception, which applies here. See Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).[1]

### III.

Hagerty asserts that plaintiff has failed to state a claim because Hagerty did not issue the insurance policy at issue. Dkt. # 18, at 3. Hagerty asserts that, despite the allegations in plaintiff's amended complaint, Hagerty is not an insurance company. Id. Rather, Hagerty asserts that it is an agency for insurance companies, and does not write any policy nor issue any policy to an insured. Id.

Under Oklahoma law, an insured cannot state a claim against an insurance agent for breach of contract when it is not in privity of contract with that agent. See Drummond v. Johnson, 643 P.2d 634, 639 (Okla. 1982) ("[C]ontracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract, or those in privity with it . . . ."); see also Wathor v.

---

[1] The Court is considering extrinsic materials attached to the motion to dismiss, specifically the insurance card and the insurance policy that plaintiff asserts Hagerty issued. However, because the documents are integral to and referenced in plaintiff's amended complaint, the Court need not convert the motion to dismiss into a motion for summary judgment. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997) (collecting cases).

Mut. Assur. Adm'rs Inc., 87 P.3d 559, 562 (Okla. 2004) ("[A]gents are not parties to the insurance contract.")  Nor can an insured state a claim against an insurance agent for bad faith when that agent is not a party to the insurance contract.  See Timmons v. Royal Globe Ins. Co., 653 P.2d 907, 912-13 (Okla. 1982) ("[I]t is clear that the [breach of the duty of fair dealing and good faith] will not lie against a stranger to the contract."); Utd. Adjustment Servs., Inc. v. Professional Ins. Agency, LLC, 307 P.3d 400, 405 (Okla. Civ. App. 2013) ("Oklahoma law clearly provides that an insured cannot bring a bad faith claim against an insurance agency or its agent because they are not parties to the insurance contract.").

Defendant Hagerty included with its motion to dismiss both the insurance card and the relevant policy.  See Dkt. 18-1.  The insurance card clearly states that the insurance company is Essentia and that Hagerty is the agent.  Id. at 1.  The policy itself, in the definitions section, defines "we," "us," and "our" as "the Company providing insurance."  Id. at 7.  The policy does not include any provision involving the insurance agent, nor does it impose any responsibility on the agent under the contract.  These documents clearly demonstrate that defendant Hagerty is the insurance agent, not the insurance company.  The insurance contract is between Essentia and plaintiff, and Hagerty is a stranger to this contract.  As such, plaintiff has failed to state a claim against Hagerty for breach of contract and bad faith.  Defendant Hagerty's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED** that Hagerty Insurance Agency, LLC's Motion to Dismiss (Dkt. # 18) is **granted**, and Hagerty is terminated as a defendant in this action.

**DATED** this 29th day of April, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE